IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK, #1243617, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2187-P |
| | ) | ECF |
| CURTIS NEEL, | ) | |
|                 Defendant. | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 19, 2006, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is an action brought pursuant to 42 U.S.C. § 1983.

    Parties:  Plaintiff is an inmate presently confined at the Stiles Unit of the Texas Department of Criminal Justice – Correctional Institution Division in Beaumont, Texas. The sole Defendant named in the complaint is Sgt. Curtis Neel. The Court did not issue process in this case pending preliminary screening.[1] On November 28, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on January 17, 2006.

    Statement of the Case:  The complaint, supplemented by the answers to the magistrate judge's questionnaire, alleges that following the incident in which a fellow inmate, James Jones,

---

[1] While the complaint mentions Deputy S. Plemons, Plaintiff identifies him only as a witness to the incidents at issue in this case. (Answer to Question 6).

attacked and attempted to strangle Plaintiff, Defendant Neel refused to assist him in initiating criminal charges against James Jones. (See answers to Questions 4 and 5). Further, in an attempt to press criminal charges against detainee Jones for the assault/strangling incident, Plaintiff sought to access the law library, which Sgt. Neel denied. Plaintiff alleges an injury to his vocal cords as a result of Jones' assault. (Answer to Question 9). He seeks monetary relief. (Complaint at 4).[2]

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[2] In answer to the questionnaire, Plaintiff alleges for the first time that Hunt County denied him necessary medical care for his "full-blown AIDS" during his ten-month detention at the Hunt County Jail. (Answer to Question 9). Such a claim arises from separate transactions that are factually unrelated and do not involve a question of law or fact common to the defendant and claim alleged in this action. See Fed. R. Civ. P. 18 and 20. Accordingly, the Court will not address Plaintiff's medical care claims in this case.

The complaint in this action is patently frivolous. Plaintiff does not have the right to have criminal charges filed against a third person. See Pierre v. Guidry, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing Cort v. Ash, 422 U.S. 66, 79 (1975)); Oliver v. Collins, 904 F.2d 278, 280-81 (5th Cir. 1990).

Plaintiff also complains that Sgt. Neel denied him access to the law library. This claim must be analyzed under the more general right of access to the courts. In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). See also McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Lewis, 518 U.S. at 353 n. 4.

In the instant case, Plaintiff cannot satisfy the "actual injury" requirement. He does not allege that the denial of access to the law library hindered his efforts to prepare a defense for the criminal charges for which he was incarcerated at the Hunt County Jail. On the contrary, he merely alleges that the denial of access thwarted his ability to press charges for the assault by detainee Jones. As noted previously, such a claim does not rise to a constitutional violation.

Therefore, absent any cognizable injury or prejudice, Plaintiff cannot raise a claim for denial of access to the courts or the law library.[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] The Court further notes that Plaintiff failed to exhaust his administrative remedies before filing the complaint in this case as set out in 42 U.S.C. § 1997e(a). (See Answer to Question 3).